**Eduardo Moreno LAPARADE, Plaintiff-counter-defendant,**

v.

**Mario Moreno IVANOVA, an individual & as Executor of the Estate of Mario Moreno Reyes; Defendant-cross-defendant—Appellant,**

**Columbia Pictures Industries, Inc., a California corporation, Defendant-counter-claimant-cross-claimant—Appellee.**

Eduardo Moreno LAPARADE,
Plaintiff,

v.

Columbia Pictures Industries, Inc.,
a California corporation;
Defendant—Appellant,

Mario Moreno Ivanova, an individual
and as executor of the estate of Mario
Moreno Reyes; Mario Moreno Reyes,
Defendants—Appellees.

Mario Moreno Ivanova; Estate of Mario Moreno Reyes (A/K/A Cantinflas); Plaintiffs—Appellants,

Timothy Charles RILEY,
Esq., Appellant,

v.

Columbia Pictures Industries,
Inc., a Delaware Corporation,
Defendant—Appellee.

Nos. 02–56222, 03–55431, 03–56207.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2004.

Decided Nov. 5, 2004.

---

Before: THOMPSON, SILVERMAN, and WARDLAW, Circuit Judges.

MEMORANDUM *

These consolidated appeals arise from a bench trial before the Hon. William J. Rea and subsequent rulings by the Hon. Dickran Tevrizian. We have jurisdiction under 28 U.S.C. § 1291.

The appeals involve a dispute between Mario Moreno Ivanova, individually and as Executor of the Estate of Mario Moreno Reyes ("Ivanova") and Columbia Pictures Industries ("Columbia") over the rights to Spanish language motion pictures starring Ivanova's deceased father, Mario Moreno Reyes, a/k/a "Cantinflas." Columbia's and Ivanova's competing claims to ownership of the worldwide intellectual property rights and related rights in Cantinflas motion pictures were litigated before District Judge Rea in a three-phase bench trial. (*Eduardo Moreno Laparde v. Columbia Pictures Industries, Inc., et al.,* Case No. CV 97–0615 WJR (CTx)).

After conducting the second phase of the trial, the court permanently enjoined Ivanova from licensing, distributing, marketing or otherwise exploiting or benefitting from 34 Cantinflas motion pictures. In violation of this injunction, Ivanova licensed certain motion pictures for DVD release and refused to turn over the film elements as ordered by the court. The court held Ivanova in contempt and ordered him to appear and pay daily fines.[1] Ivanova failed to do so and the court issued a warrant for his arrest. Ivanova has not surrendered to the court nor has he presented himself for arrest.

Within weeks of the entry of judgment in the trial before Judge Rea, Ivanova filed a "new" action against Columbia (*Ivanova v. Columbia Pictures,* Central District Case No. CV 03–1033 DTT (CWx)), which was assigned to the Hon. Dickran Tevrizian. In this "new" action, Columbia filed counterclaims and a motion for sanctions under Rule 11, arguing that Ivanova's claims were barred by the judgment previously entered by Judge Rea, and were also barred by a 1994 stipulated judgment.

In an order filed June 9, 2003, Judge Tevrizian determined that the bulk of Ivanova's claims were indeed barred, and struck those claims. Judge Tevrizian awarded Rule 11 sanctions in favor of Columbia and against Ivanova and his counsel for having filed the barred claims. The sanctions were in the sums of $38,651.75 for attorney fees and $857.52 for costs. In determining the amount of the attorney fees award, the court reduced the hourly

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Prior to the entry of judgment, Ivanova was also found in contempt for disobeying court orders by litigating claims in Mexico, refusing to honor Columbia's refusal rights, and negotiating for distribution of the motion pictures.

rates claimed by Columbia's attorneys, and reduced the number of billed hours by 50%.

Thereafter, Ivanova's counsel failed to appear at a scheduling conference to deal with the copyright claims that remained in the case. As a sanction, Judge Tevrizian ordered judgment entered against Ivanova on those remaining claims. The court also ordered judgment entered in favor of Columbia on its counterclaims. Ivanova moved for relief under Federal Rule of Civil Procedure 60(b), arguing that counsel's failure to attend the scheduling conference was due to excusable neglect. The court denied the motion.

The final judgment entered by Judge Tevrizian contained, *inter alia,* a permanent injunction which provided that "Ivanova shall immediately withdraw and/or cause to be withdrawn any registrations or filings whereby the Estate claims ownership of any rights, including copyrights, in any of the 34 Pictures." Ivanova's requests, filed in the district court and in this court, for a stay of the injunction were denied.

Ivanova failed to comply with the injunction issued by Judge Tevrizian. He refused to withdraw the registrations by which he claimed ownership of the 34 Cantinflas motion pictures and he notified the court that he would not withdraw the Mexican copyrights.[2] As a result, he was held in contempt by Judge Tevrizian and a warrant was issued for his arrest. Consistent with his response to the arrest warrant issued by Judge Rea, Ivanova failed to surrender or present himself for arrest pursuant to the warrant issued by Judge Tevrizian.

Ivanova appeals Judge Rea's judgment on three grounds (Case No. 02–56222). First, he contends that the district court lacked personal and subject matter jurisdiction. Second, he argues the district court erred in limiting phase two of the trial to U.S. contract law. Third, he argues the district court's extraterritorial injunction was an abuse of discretion.

In Case No. 03–56207, Ivanova and his attorney each appeals Judge Tevrizian's Rule 11 sanction order; Ivanova also appeals the judgment.

In Case No. 03–55431, Columbia appeals Judge Rea's failure to order disgorgement of money Ivanova received from licensing Cantinflas motion pictures in Mexico.

## A. Jurisdiction

■ The district court had subject matter jurisdiction pursuant to 17 U.S.C. § 104A and 28 U.S.C. § 1338(a). Personal jurisdiction existed over Ivanova in the case before Judge Tevrizian because Ivanova was the plaintiff in that case. In the case before Judge Rea, personal jurisdiction existed over Ivanova because he made a general appearance by actively participating in the trial. *Hilao v. Estate of Marcos,* 95 F.3d 848, 854 (9th Cir.1996) ("A general appearance, of course, subjects the party who appears to the personal jurisdiction of the court."). Ivanova called witnesses, adduced evidence probative of the merits, and made numerous motions on the merits including a motion for summary judgment.

## B. Fugitive Disentitlement

■ Columbia argues that Ivanova's appeals of Judge Rea's judgment in Case No.

2. Ivanova acknowledges that he has distributed 8 Pictures on DVD in Mexico in violation of the district court's order. "The Estate informed the court that it believed the injunction regarding the 8 Pictures—issued on behalf of no one—was issued without a legitimate basis for jurisdiction. The Estate informed the court that, in order to survive, it was going to violate the order...."

02–56222, and of Judge Tevrizian's sanctions order and judgment in Case No. 03–56207, should be dismissed under the fugitive disentitlement doctrine. We agree. Under that doctrine, a court may dismiss a civil appeal where the party seeking relief is a fugitive from justice. *See, e.g., United States v. Van Cauwenberghe*, 934 F.2d 1048, 1054 (9th Cir.1991); *Conforte v. Comm'r*, 692 F.2d 587, 589–90 (9th Cir. 1982).

Ivanova has refused to abide by the district court's orders, and has refused to surrender to the warrants issued for his arrest. He is a fugitive from justice. Accordingly, we dismiss Ivanova's appeals in Case Nos. 02–56222 and 03–56207. Because there is an identity of interest between Ivanova and the Estate of Mario Moreno Reyes (Ivanova is the executor of the Estate and claims to be the sole heir), the Estate must share the same fate. We therefore dismiss the Estate's appeals as well.

### C. Rule 11 Sanctions

■ Ivanova is precluded by the fugitive disentitlement doctrine from challenging Judge Tevrizian's Rule 11 sanctions imposed against him. Ivanova's counsel is not so precluded, but we affirm the sanctions order against him on the merits. The contract claims resolved by Judge Rea determined that Columbia owned all of the right, title and interest in 28 of the Cantinflas motion pictures. This foreclosed a new attempt to obtain the same rights in the guise of copyright claims filed in the new action before Judge Tevrizian. Although there were some claims in the new filing that were not precluded by Judge Rea's judgment, the claims that were precluded were substantial, formed the nucleus of the claims disputed by the parties, and supported the district court's award of Rule 11 sanctions. Thus, we affirm Judge

Tevrizian's imposition of those sanctions against Ivanova and his counsel. We decline to reduce the amount of the sanctions, or to remand to the district court for it to consider a reduction. The district court has already made a substantial reduction in the hourly rate and the number of hours claimed by Columbia's attorneys.

### D. Denial of Disgorgement

In Case No. 03–55431, Columbia argues that Judge Rea erred by declining to order disgorgement of the money Ivanova received from licensing Cantinflas motion pictures in Mexico.

Disgorgement is an equitable remedy and a district court has "broad discretion" in deciding whether to employ it. *S.E.C. v. Clark*, 915 F.2d 439, 454 (9th Cir.1990). Here, Columbia offers no reason why it cannot pursue its disgorgement claim in the courts of Mexico and obtain such legal relief as to which it may be entitled. Thus, from what appears in the record before us, Columbia has an adequate remedy at law that it can pursue. "It is a basic doctrine of equity jurisprudence that courts of equity should not act ... when the moving party has an adequate remedy at law...." *Mort v. United States*, 86 F.3d 890, 892 (9th Cir.1996) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)) (alterations in original).

■ The district court's failure to include in its judgment an express ruling on the disgorgement claim does not mean the court overlooked the claim. The claim was presented to the court, and by not granting it, the court denied it. We conclude that, in Case. No. 03–55431, the district court did not abuse its discretion by declining to order disgorgement.

### E. Conclusion

In Case Nos. 02–56222 and 03–56207, Ivanova's appeals are dismissed pursuant to the fugitive disentitlement doctrine. The district court's Rule 11 sanctions order against Ivanova's counsel, and against Ivanova, in Case No. 03–56207, is affirmed. The district court's judgment, challenged by Columbia in Case No. 03–55431 is affirmed.

Columbia shall recover all of its costs of appeal in Case Nos. 02–56222 and 03–56207. Columbia did not prevail in its appeal in Case No. 03–55431, and it shall not recover its costs for that appeal; nor shall Ivanova recover costs for that appeal, being precluded therefrom by the fugitive disentitlement doctrine.

The unopposed request for Joinder in Appellant's Briefs is granted. None of the other pending motions filed by the parties, and as yet not ruled upon by this court, require further discussion. All pending motions are denied.

Appeals DISMISSED in part and AFFIRMED in part. Costs ALLOCATED as stated above. Pending motions DENIED. No request by any party for reconsideration of the denial of any pending motion shall be filed or entertained.